IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SZCZUREK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PROFESSIONAL MANAGEMENT, INC. | : | |
| d/b/a FINANCIAL RECOVERIES | : | NO. 14-4790 |

MEMORANDUM

Dalzell, J.                                                                                                November 17, 2014

## I.    Introduction

We consider here defendant Professional Medical Management's (plaintiff incorrectly designated defendant as Professional Management, Inc.) motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff Joseph Szczurek brings an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., based on the wording of several collection letters sent to him beginning on June 17, 2014. Plaintiff also makes class action allegations.

## II.   Legal Standard

A party may move for judgment on the pleadings after the pleadings are closed, but "early enough" so as "not to delay trial."  Fed. R. Civ. P. 12(c). We may grant judgment on the pleadings only if the moving party clearly establishes that there are no material issues of fact to resolve and the moving party is entitled to judgment as a matter of law. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988). We decide such motions applying the same standard as we do on a motion to dismiss under Rule 12(b)(6), granting the motion only when we are certain that no relief can be granted on any set of facts. Taj Mahal

Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (E.D. Pa. 1998); Constitution Bank v. DiMarco, 815 F. Supp. 154, 157 (E.D. Pa. 1993). We consider the facts presented in the pleadings and inferences drawn therefrom in the light most favorable to the nonmoving party. Jablonski, 863 F.2d at 291.

**III.    Factual Background**

Defendant sent plaintiff a letter,[1] dated June 17, 2014, in regard to a balance of $19.70 due on an account listed with the defendant for collection. Complaint at ¶ 18-19.

---

[1] The letter, in its entirety, stated:

> Mercy Fitzgerald Hospital has listed your past due account with this office for collection. To avoid further contact from this office regarding your past due account, please send the balance due to our office and include the top portion of this letter with your payment.
>
> Payments can be made by check or credit card. If you wish to pay by credit card, complete and return the appropriate information on the reverse side of this letter. For prompt account resolution, credit and debit card payments can be made by accessing our automated interactive telephone system at 800-220-0260. For your convenience, this system is available 24 hours a day, seven days a week. Please be advised that a transaction fee of $5.00 is charged on all credit card payments. This transaction fee is in addition to your actual payment and the fee will not be credited to your account.
>
> If this debt is for medical services and you have insurance that may pay all or a portion of this debt, that information can be submitted by calling 800-220-0260 or by completing the information on the reverse side of this letter and returning the entire letter to this office.
>
> **IMPORTANT CONSUMER NOTICE**
> **Unless, within 30 days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within 30 days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of any -such judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days after the receipt of this notice we will provide you with the name and address of the original creditor.**

The plaintiff complains of one sentence, the second in the first paragraph of the letter, which stated "To avoid further contact from this office regarding your past due account, please send the balance due to our office and include the top portion of this letter with your payment." Complaint at ¶ 19. Over the next month, plaintiff received four more "virtually-identical letters" from defendant with the same complained-of language. Id. at ¶ 20.

Plaintiff alleges that the language at issue, which we will refer to as "the contact sentence," "create[s] the misleading impression that the only way to stop Defendant from further contacting Plaintiff regarding his alleged past due account is for Plaintiff to pay the outstanding balance." Id. at ¶ 21. Plaintiff maintains that language given in the letter is false "because a debt collector is required to cease all communications with an alleged debtor after being requested to do so, regardless of whether a payment is made towards the alleged debt," and defendant's letter "does not accurately disclose that Defendant's attempted contacts can be stopped by a simple phone call." Id. at ¶¶ 22-23.

Further, plaintiff argues that the letter is "confusing to the least sophisticated debtor to the extent it states that the debtor has thirty (30) days to dispute the debt on the one hand and then in another paragraph states the debtor must pay the balance to avoid further contact." Id. at ¶ 26.

**IV.   Discussion**

There is no factual dispute about the contact sentence used in defendant's collection letters. The parties dispute only whether the contact sentence violates the FDCPA.  Whether language in a collection letter contradicts or overshadows a validation notice constitutes a pure

---

> **This Company is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.**

Complaint at Exhibit B.

question of law. See Wilson v. Quadramed Corp., 225 F.3d 350, 353 & n.2 (3d Cir. 2000) (agreeing with the majority of Courts of Appeal that whether language in a collection letter contradicts or overshadows the statutorily required validation notice is a question of law). Since there are no material disputes of fact to resolve, judgment on the pleadings is appropriate in this case if the defendant can show that it is entitled to judgment in its favor as a matter of law. Jablonski, 863 F.2d at 290.

Plaintiff stresses that defendant allegedly violated the FDCPA by stating that it would continue "contacting" plaintiff, not that it would continue its "collection efforts," and that this conduct "is differentiated by the FDCPA." Pl. Resp. at 2-3. Plaintiff argues that the FDCPA distinguishes these two forms of conduct based on his reading of 15 U.S.C. § 1692g(b), which states in part "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Plaintiff further argues, based on 15 U.S.C. § 1692c, that the "use of [the contact sentence] language is unfair," because it conceals a consumer's rights under the FDCPA not to be contacted further by a debt collector upon request. Pl. Resp. at 8-9.

Defendant challenges plaintiff's asserted distinction between "action" or "collection activity" and "contact," arguing that such a "premise fails unless a least sophisticated consumer would understand the terms 'action' and 'collection activity' to exclude 'contacting' the consumer." Def. Reply at 2. Defendant argues that its letter does not imply that the only way to end collection efforts is to pay, or that such contact would continue until payment was made. Id. at 6 (quoting Pl. Resp. at 14).

Though the parties concern themselves in their motion practice primarily with 15 U.S.C. §§ 1692g(b) and 1692c(c), the Complaint includes allegations regarding several other provisions of the FDCPA. We discuss the relevant sections in turn.

### A. Section 1692c: Communication In Connection With Debt Collection

In relevant part, Section 1692c provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--
> **(1)** to advise the consumer that the debt collector's further efforts are being terminated;
> **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692c(c).

Here, there is no allegation that plaintiff requested defendant to cease communication or that defendant failed to do so upon request. Plaintiff instead alleges that defendant's letter would mislead the least sophisticated debtor into believing that the only way to stop communication from the defendant would be to pay the debt in full. Therefore, to understand whether defendant's letter somehow ran afoul of the FDCPA, we must examine the other sections of the FDCPA governing debt collectors' conduct and consumers' rights.

### B. Section 1692d: Harassment Or Abuse

15 U.S.C. § 1692d forbids debt collectors from engaging in conduct that harasses, oppresses, or abuses any person in connection with collecting a debt. The statute provides

5

examples of such abusive behavior, such as threatening violence, using obscene language, publishing alleged debtors' names, advertising the sale of a debt to coerce payment, and telephoning anonymously or with the intent to annoy or harass. 15 U.S.C. § 1692d(1)-(6).

Though plaintiff includes this provision of the FDCPA in his Complaint, see Complaint at ¶¶ 27, 42, there are no factual allegations that defendant's behavior was harassing, oppressing, or abusive.[2] Plaintiff merely includes the provision as part of his class action allegations. Id. at ¶¶ 35-44. Plaintiff's averments regard the allegedly confusing, not abusive, nature of the letters. Though the general application of this provision is not limited by the specific examples provided, plaintiff does not allege how the general provision applies to his case.

### C.     Section 1692e:  False Or Misleading Representations

15 U.S.C. § 1692e forbids debt collectors from using false, deceptive, or misleading representations or means in connection with collecting a debt. Such conduct includes, inter alia, using false representations or deceptive means to collect or attempt to collect debts or obtain information about a consumer and failing to disclose in an initial communication that the debt collector is attempting to collect a debt and will use any information obtained for that purpose. 15 U.S.C. § 1692d(10)-(11).

Plaintiff claims that defendant's letter is misleading because it implies that the only way to stop further contact from the defendant is to pay the outstanding balance, and that the only recourse for plaintiff and others similarly situated is to pay the balance in full. Complaint at ¶¶ 21, 25. Specifically, plaintiff says the least sophisticated debtor would be confused "to the extent

---

[2] Plaintiff notes that defendant sent four nearly identical letters in a thirty-day period after sending the original letter, but does not allege this conduct "had the natural consequence of" harassing, oppressing, or abusing him. Complaint at ¶ 20; 15 U.S.C. § 1692d. Plaintiff complains of the allegedly confusing or misleading nature of the language contained in the letters, not that the letters themselves were sent. Complaint at ¶¶ 21-26.

[the letter] states that the debtor has thirty (30) days to dispute the debt on the one hand and then in another paragraph states the debtor must pay the balance to avoid further contact." Id. at ¶ 26.

### D.   Section 1692f:  Unfair Practices

15 U.S.C. § 1692f forbids debt collectors from using unfair or unconscionable means to collect or attempt to collect debts. Such conduct includes abuses such as using postdated checks or payment, postcards, telephone call fees, and other threats. 15 U.S.C. § 1692f(1)-(8).

Plaintiff does not provide any factual assertions regarding the unconscionable nature of defendant's collection practices, but rather argues that the "use of [the contact sentence] language is unfair," because the contact sentence conceals a consumer's rights under the FDCPA not to be contacted further by a debt collector upon request. Pl. Resp. at 8-9.

### E.   Section 1692g:  Validation Of Debts

According to 15 U.S.C. § 1692g(a), a debt collector must, either in the initial communication with a consumer in connection with collecting a debt, or within five days thereof, send the consumer a written notice containing:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

>  Subsection (b) provides that:

>> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

15 U.S.C. § 1692g(b) (emphasis added).

Plaintiff contends that the contact sentence violates the FDCPA by impermissibly overshadowing the rest of defendant's letter.

### F.     The Least Sophisticated Debtor Standard

We are therefore left with the question of whether defendant's letter, read from the perspective of the least sophisticated debtor, is misleading or unfair, or if the complained-of language overshadows the validation notice. The least sophisticated debtor standard applies to collector-debtor communications that give rise to potential FDCPA claims. Brown v. Card Service Center, 464 F.3d 450, 454 (3d Cir. 2006); see also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008); Strouse v. Enhanced Recovery Co., L.L.C., 956 F. Supp. 2d 627, 632

(E.D. Pa. 2013). To comply with the statutory requirements, debt collectors must do more than include the Section 1692g-mandated debt validation notice in the debt collection letter, as the required notice must also be effectively conveyed to the debtor. Wilson, 225 F.3d at 354; see also Brown, 464 F.3d at 454 (distinguishing the lesser standard of the least sophisticated consumer from the greater standard of the reasonable debtor).

Though the standard protects naïve consumers, it also prevents liability for bizarre or idiosyncratic interpretations of such notices by presuming a basic level of understanding and willingness to read carefully. Wilson, 225 F.3d at 250; Brown, 464 F.3d at 455 (debt collection notices are confusing when they can be reasonably read to have two or more different meanings, one of which is inaccurate) (emphasis added); see also Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008) (explaining that the FDCPA is meant to protect the gullible as well as the shrewd). Courts evaluate validation notices to determine whether the notice is overshadowed or contradicted by accompanying messages, or obscured through font size manipulation and other formatting choices. Wilson, 225 F.3d at 355-356. Whether the least sophisticated debtor would be uncertain about his rights to challenge the validity of the debt is of great concern. Wilson, 225 F.3d at 360.

But the least sophisticated debtor standard does not "provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano-Burgos, 550 F.3d at 299.

Reading the letter here in its entirety, the contact sentence does not violate the FDCPA. The least sophisticated debtor is explicitly not the least sophisticated, selectively-reading debtor -- even the least sophisticated debtor must read the entire notice. We do not evaluate sentences contained in collection letters in a vacuum, but rather evaluate language and formatting choices

in the context of the entire notice. Thus, even if the contact sentence, read in isolation, might create confusion, that does not make the entire letter confusing or misleading to the least sophisticated debtor.

The least sophisticated debtor, reading the notice in its entirety, would see that he had multiple options. He could, if he had medical insurance that would pay the outstanding debt, call a telephone number or complete the form on the reverse side of the letter and mail the letter back to defendant. Complaint at Exhibit B, ¶ 3. He could, within thirty days, notify defendant in writing that he disputed the debt. Id. at ¶ 4. Indeed, the least sophisticated debtor's right to dispute the debt appears in bold-face type, underneath a heading, in all capital letters, stating "IMPORTANT CONSUMER NOTICE," whereas the option of "send[ing] the balance due" appears, albeit earlier in the notice, in regular, unbolded typeface. Id.

There is nothing false or misleading within the meaning of Section 1692e about the contact sentence in defendant's letter. Plaintiff does not allege that it is untrue that contact will stop if the debtor sends payment in full, and the sentence does not say, even when read by the least sophisticated debtor, that contact will continue unabated unless and until the debt is paid.

There is also nothing "unfair" about the contact sentence within the meaning of Section 1692f. It does not impermissibly conceal the consumer's rights. Defendant provides, in prominent, bold-face type, the validation notice under Section 1692g which does not require the declaration of the existence of Section 1692(c) of the FDCPA in terms of a debtor's rights. Nor does the sentence unfairly conceal the existence of such rights. It notifies the debtor that there is a debt and that one way to stop being contacted about the debt is to pay it. There is nothing unconscionable or unfair about this sentence when read in light of the rest of the notice.

Finally, the contact sentence does not overshadow the validation notice provided by defendant and required by Section 1692g. The notice states clearly -- under a prominent heading, in bold-face type -- that the debtor has multiple options, and the least sophisticated debtor, reading the notice in its entirety, would understand that.

## V.     Conclusion

There are no disputed issues of material fact. The question of whether the least sophisticated debtor would be confused or misled by a debt collector's notice is a question of law for us to decide. The least sophisticated debtor, reading the entire notice he is sent, would not be confused or misled by that one sentence in defendant's letter, nor would that one sentence so overshadow the validation notice as to render the defendant's collection practices or communications unfair or unconscionable. Defendant is entitled as a matter of law to judgment on the pleadings, and we will dismiss plaintiff's Complaint in its entirety. An appropriate Order follows.

BY THE COURT:

/S/ STEWART DALZELL, J.